# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ABDELHAKIM ABED SALAMEH,

        Plaintiff,

vs.

ROYAL JORDANIAN,

        Defendant.

_____/

Case No. 4:19-cv-11403
Hon. Matthew F. Leitman

## STIPULATED PROTECTIVE ORDER

WHEREAS, parties and non-parties to this action ("Litigation"), have been or may be requested in the course of discovery or other proceedings to produce or disclose testimony, documents, or other information ("Discovery Material") that they consider private, confidential, or proprietary; and

WHEREAS, Defendant ALIA – THE ROYAL JORDANIAN AIRLINES COMPANY ("Royal Jordanian") and Plaintiff ABDELHAKIM ABED SALAMEH ("Plaintiff") have agreed, by their undersigned attorneys, to set forth the following procedures for, and rules governing, the use of such Discovery material:

1.    **Confidential Information**. Each of the parties to this action upon whom or which a discovery request has or will be served may designate as "CONFIDENTIAL" any documents (including electronically stored information),

hereafter produced, if such documents refer or relate to, or would otherwise disclose, information of a personal, financial, proprietary, or confidential business nature, which is not generally known and which an individual or entity would not normally reveal to third parties or, if revealed, would require third parties to maintain in confidence ("Confidential Information"). Confidential Information includes, but is not limited to, the following information and documents which may be produced in this litigation to the extent their disclosure is not otherwise protected, privileged or objectionable: medical records or patient-related information, including any such information that is exempt from public disclosure pursuant to any state or federal law; human resources or personnel information concerning Defendant Royal Jordanian's current or former employees; and proprietary, sensitive, and/or confidential business information or processes or trade secrets.

2. **Designation of Confidential Information**. Any copy of a document delivered to a party that is subject to this Protective Order shall be conspicuously marked **"CONFIDENTIAL"** by placing or affixing a stamp on the material in such a manner that it will not interfere with the material's legibility. A party receiving a document from an opposing party may also designate the document as "CONFIDENTIAL" and subject to this Protective Order by so stamping the document and notifying opposing counsel of such designation in writing. A party may request in writing that a receiving party designate as "CONFIDENTIAL" any

Confidential Information received from a third party pursuant to a subpoena *duces tecum*.

3. **No Waiver of Confidentiality.** The inadvertent failure of a party producing material to designate as "CONFIDENTIAL" any document or other material containing Confidential Information shall not waive the confidential nature of the Confidential Information.

4. **Challenges to Confidential Designations**. If a party believes that information designated by another party as "CONFIDENTIAL" should not be treated as confidential pursuant to this Protective Order, that party may contest the "CONFIDENTIAL" designation for such document(s) by providing opposing counsel with written notice as to the specific information being challenged. In the event that the parties cannot resolve the disagreement, the contesting party may motion the Court to show that good cause exists for an order removing the "CONFIDENTIAL" designation from the challenged document(s). Any information that is subject to such a dispute shall, until further order of the Court, be treated as confidential in accordance with the terms and conditions of this Protective Order.

5. **Authorized Disclosure of Confidential Information**. Confidential Information designated as "CONFIDENTIAL" shall be used by the party receiving the material solely for the prosecution or defense of this action and shall be made

available only to the following: (a) the parties (including the officers, directors, in-house counsel or other employees or agents of Defendant), counsel for the parties, and such secretaries, paralegals, and other staff members assisting each parties' counsel in the preparation and trial of this case; (b) any person retained by a party or his/its counsel to assist with the preparation and trial of this case, such as accountants, experts, or court reporters; (c) witnesses in this case; (d) facilitators, mediators or judicial officers and their staff involved in this matter; and (e) outside contractors hired by a party or his/its counsel to copy, index, sort, or otherwise manage the storage and retrieval of discovery materials, in conformance with the other provisions of this Protective Order (collectively, the "receiving party"). The receiving party shall not permit disclosure of Confidential Information, except in accordance with this Protective Order. The receiving party shall neither grant nor permit any other person to have access to any Confidential Information designated as "CONFIDENTIAL," or inform any other person of the existence of such material or of any of the contents thereof without the prior written approval of the party producing such material, or an order of the Court upon written motion with notice to all parties. Each person or entity to whom Confidential Information designated as "CONFIDENTIAL" is made available shall be advised of the provisions of this Protective Order and shall agree to abide by its terms and conditions prior to reviewing any such Confidential Information.

6. **Inadvertent Disclosure of Confidential Information**. If any Confidential Information designated as "CONFIDENTIAL" is inadvertently disclosed to any unauthorized person, the party (or counsel) responsible for the inadvertent disclosure shall notify the other party in writing. Such notice shall be as soon as practical after the inadvertent disclosure is discovered, and shall identify by name, address, telephone number, and employer, each unauthorized person to whom disclosure was made, the date of such disclosure, and the circumstances of the disclosure. Additionally, inadvertent production of documents subject to any privilege or work-product immunity shall not constitute a waiver in whole or in part of the privilege or immunity provided that the producing person notifies the parties in writing of such inadvertent production as soon as practical after the discovery of the inadvertent production. Such inadvertently produced documents and all copies thereof shall be returned to the producing person upon request within five (5) business days. No use may be made of inadvertently produced documents subsequent to the request to return them. Nothing in this Protective Order shall limit the parties from requesting that the Court order the production of any such inadvertently produced documents and nothing in this Protective Order prevents any producing person from petitioning the Court for return of later-discovered, inadvertently produced documents that are subject to a privilege or immunity.

7. **Copies or Summaries of Confidential Information**. No summary or copy of Confidential Information designated as "CONFIDENTIAL" shall be made by any person other than at the express direction of counsel for the party receiving the material. Any such summary or copy shall be subject to the terms of this Protective Order.

8. **Use of Confidential Information in Depositions**. Any depositions for this action in which Confidential Information may be disclosed shall be attended only by the deponent, counsel of record for the parties, designated representatives of the parties, and the court reporter and/or videographer. All Confidential Information disclosed in, and any transcripts made of, such depositions shall remain confidential and may not be disclosed except in accordance with this Protective Order.

9. **Use of Confidential Information in Pleadings or Court Proceedings.** Confidential Information may be disclosed to the Court as necessary, including, but not limited to, pleadings filed with the Court, exhibits filed with the Court, and at proceedings before the Court. If a party intends to publicly file or disclose Confidential Information to the court or in court proceedings, they shall first inform the producing party in a reasonable time in advance to allow the parties to reach agreement on appropriate redactions and/or to allow the producing party to take such steps that it deems reasonably necessary to preserve the confidentiality of such information or documents. Nothing in this Protective Order shall be construed

as a waiver of any party's right to object to: (a) the production of any documents or information or (b) the admissibility of any documents or information as evidence at trial on any permissible ground under the Federal Rules of Civil Procedure the Federal Rules of Evidence.  Furthermore, failure of a party to challenge documents, information, or materials designated as "CONFIDENTIAL" shall not be construed as an admission that they actually contain Confidential Information.

10. **Filing Documents Under Seal.**  This order does not authorize the filing of any documents under seal.  Documents may be sealed only if authorized by statute, rule, or order of the Court.  A party seeking to file under seal any paper or other matter pursuant to this section shall file and serve a motion or stipulation that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion only, (v) a memorandum of legal authority supporting the seal.  *See* Local Rule 5.3.  No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has entered an order allowing filing under seal.  Whenever a motion or stipulation to seal is filed, the party seeking to file under seal shall submit a proposed order which states the particular reason the seal is required.  The proposed order shall be submitted via the link located under the "Utilities"

section of CM/ECF.

11. **Return of Confidential Information.** At the conclusion of this action, including the exhaustion of any and all appeals or post-judgment motions, a party receiving any materials containing Confidential Information designated as "CONFIDENTIAL" shall arrange for the destruction of the materials or the return of the materials to the party which produced them within ninety (90) days, pursuant to the producing party's instruction.

12. **Modification of this Order.** Nothing in this Protective Order shall preclude any party from applying to the Court for modification of the terms of this Protective Order as may be deemed appropriate by the Court and permitted under the applicable rules; provided that, prior to any such application, the parties shall confer and make a good faith effort to resolve the matter by agreement.

13. **Preservation of the Right to Object to Discovery.** This Protective Order shall not be construed as waiving any right to assert a claim of privilege, protection, relevance, or any other grounds for not producing documents, electronic data, or information covered by this Protective Order.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: September 16, 2019

STIPULATED AS TO FORM AND CONTENT:

| GASIOREK, MORGAN, GRECO MCCAULEY & KOTZIAN, P.C. | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PLLC |
|---|---|
| s/ David A. Kotzian (with permission) <br> DAVID A. KOTZIAN (P38308) <br> Attorneys for Plaintiff <br> 30500 Northwestern Highway, Suite 425 <br> Farmington Hills, MI 48334 <br> (248) 865-0001 <br> dkotzian@gmgmklaw.com | s/ Christopher R. Mikula <br> CHRISTOPHER R. MIKULA (P69661) <br> Local Attorneys for Defendant <br> 34977 Woodward Ave., Suite 300 <br> Birmingham, MI 48009 <br> (248) 593-6400; (248) 593-2603 (fax) <br> christopher.mikula@ogletree.com |

ANTHONY U. BATTISTA
MICHAEL G. KOUEITER
Condon & Forsyth LLP
Attorneys for Defendant
7 Times Square, 18th Floor
New York, NY 10036
(212) 490-9100; (212) 370-4453 (fax)
abattista@condonlaw.com
mkoueiter@condonlaw.com